UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD COLE BURCHETT,

    Plaintiff,

    v.

KATHLEEN T. JOHNSON,

    Defendant.

Case No. C05-5660FDB

REPORT AND RECOMMENDATION:

**NOTED FOR:**
**January 7th, 2005**

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff filed this action to challenge the actions of the person who complied his pre-sentence report. (Dkt. # 4).  Plaintiff alleges the pre-sentence report contains false information and the information was obtained in violation of his constitutional rights. (Dkt. # 4).  The court was concerned plaintiff was challenging the propriety of his current incarceration.  The court entered an order to show cause. (Dkt # 5).  Plaintiff has responded and makes clear that he is attacking his current conviction and sentence. (Dkt # 6).

## DISCUSSION

    When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that

REPORT AND RECOMMENDATION - 1

"[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff is challenging the information used in sentencing him on his criminal conviction by guilty plea. He alleges the information is false and illegally obtained. Plaintiff is challenging the legality of his guilty plea and sentence. This action must be filed as a habeas corpus petition. This action should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 7th, 2006.**

DATED this 8th day of December, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2